UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Covington Division**

| | |
|---|---|
| Luther Sestito<br>　*Plaintiff*<br><br>v.<br><br>Midland Funding, LLC<br>　*Defendant*<br>Serve:<br>　Corporation Service Company<br>　421 W. Main Street<br>　Frankfort, KY 40601<br><br>Midland Credit Management, Inc.<br>　*Defendant*<br>Serve:<br>　Corporation Service Company<br>　2900 SW Wanamaker Dr.<br>　Suite 204<br>　Topeka, KS 66614 | Case No.  3-16-CV-261-DJH |

## COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

　　1.　　This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA"), which prohibits debt collectors from engaging in unfair, deceptive, or abusive practices in the collection of consumer debts and defines the rights and remedies of consumers; and violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies. In particular, Defendant Midland Funding, LLC **(i)** attempted to collect a debt from Plaintiff Luther Sestito *after* he paid

the debt off to Midland; **(ii)** falsely reported false, negative credit information to one or more consumer reporting agencies; and **(iii)** failed to file a notice of satisfaction for a judgment paid by Mr. Sestito.

## Jurisdiction and Venue

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k and 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Boone County, Ky., which is located within this District.

## Parties

3.      Plaintiff Luther Sestito is a natural person who resides in Boone County, Ky. Mr. Sestitio is a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3) and within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4.      Defendant Midland Funding, LLC is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

6.      Midland Funding, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

7.      Defendant Midland Credit Management, Inc. is a Kansas for-profit corporation, which is not registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts on behalf of other legal entities, including Midland Funding, LLC. MCM's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

8. MCM is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6). MCM is also a furnisher of information within the meaning of the FCRA.

## Statement of Facts

9. Midland is in the business of buying charged-off consumer debt for pennies on the dollar and attempting to collect the full amount of the debt from consumers all across the country.

10. On May 22, 2015, Midland filed suit against Mr. Sestito in the Boone District Court of Boone County, Kentucky to collect a charged-off credit card debt.

11. Mr. Sestito used the credit card in the Boone County action ("Boone County credit card debt") exclusively for personal, family, or household purposes, which makes the credit card debt a "debt" within the meaning of the FDCPA.

12. Midland moved for and obtained a default judgment against Mr. Sestito in the Boone County action on August 12, 2015.

13. Mr. Sestito through counsel arranged a settlement with Midland to pay off the judgment and settle Midland's claim in full.

14. Mr. Sestito made payment in full according to the terms of the settlement agreement, paying the settlement amount by check.

15. Mr. Sestito sent the payment by certified mail.

16. Payment was received and signed for on September 21, 2015.

17. Mr. Sestito's settlement check was processed on September 24, 2015.

18. After making payment, Mr. Sestito forgot about the judgment, Midland, and the debt.

19. In early 2016, Mr. Sestito discovered negative information furnished on his

consumer credit report concerning the same credit card debt at issue in the Boone District Court case.

20. Upon information and belief, MCM serviced the Boone County credit card debt on behalf of Midland.

21. As servicer of the debt, MCM furnished the negative information concerning Mr. Sestito and the Boone County credit card debt to one or more consumer credit reporting agencies.

22. The negative credit information furnished by MCM on Midland's behalf was false because it incorrectly showed that a positive amount was due and owing on the debt.

23. MCM and/or furnished negative credit information concerning the Boone County credit card debt and Mr. Sestito to one or more consumer reporting agencies in an attempt to collect a debt from Mr. Sestito within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

24. Also, Mr. Sestito discovered that the public-record section of his consumer credit reports was still showing an unpaid judgment to Midland Funding, LLC. The judgment is still being reported as due and owing because Midland failed to file a notice of satisfaction of judgment in the Boone County action after receiving Mr. Sestito's settlement payment.

25. On February 11, 2016, Mr. Sestito disputed the false information furnished by Midland and appearing on his consumer credit report to both Trans Union, LLC ("Trans Union") and Equifax Information Services, LLC ("Equifax").

26. Upon information and belief, Trans Union and/or Equifax notified MCM and/or Midland concerning Mr. Sestito's dispute, which triggered MCM's and/or Midland's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

27. Upon information and belief, MCM and/or Midland failed to conduct a reasonable investigation into Mr. Sestito's dispute concerning the negative credit information concerning Mr. Sestito and the Boone County credit card debt that MCM and/or Midland is furnishing to one or more consumer reporting agencies.

28. Upon information and belief, MCM and/or Midland falsely verified the accuracy of the disputed negative credit information to one or more consumer reporting agencies.

29. On February 22, 2016, Trans Union sent Mr. Sestito an email alert letting him know that the results of his dispute were in: MCM and/or Midland verified the information as correct.

30. In a letter dated February 24, 2016, MCM sent Mr. Sestito a letter through counsel verifying the debt as accurate under the FCRA. In support of the verification, MCM attached a copy of the Boone County judgment.

31. Upon information and belief, MCM and/or Midland failed to conduct a reasonable investigation of Mr. Sestito's dispute.

32. As result of MCM and/or Midland's failure to investigate Mr. Sestito's dispute, MCM continued to furnish false negative credit information to one or more consumer reporting agencies concerning the Boone County credit card debt.

33. MCM and/or Midland's failure to correct and update Mr. Sestito's consumer credit report has adversely affected Mr. Sestito by allowing false, negative credit information to appear on his consumer credit report, which negatively impacts Mr. Sestito's creditworthiness and credit score and has caused him to be denied credit.

34. MCM and Midland violated multiple sections of the FDCPA by **(i)** furnishing false, negative credit information about Mr. Sestito and the Boone County credit card debt to one or more consumer reporting agencies; **(ii)** attempting to collect a debt from him *after* he had paid the

debt off in full in settlement of Midland's claims; and **(iii)** allowing the Boone County judgment to remain unsatisfied *after* Midland received the full agreed-upon settlement amount.

## Claims

**I.     Claims for Violations of the Fair Debt Collection Practices Act**

35.     MCM and Midland violated multiple provisions of the FDCPA including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

**II.    Claims for Violations of the Fair Credit Reporting Act**

**A.     Violation of 15 U.S.C. § 1681n**

36.     After being informed by one or more consumer reporting agencies that Mr. Sestito disputed the accuracy of the information it was providing concerning Mr. Sestito and the Boone County credit card debt, Midland and/or MCM willfully failed to conduct a proper investigation of Mr. Sestito's disputes, filed with one or more consumer reporting agencies that Midland and/or MCM was furnishing false negative credit information about Mr. Sestito and the Boone County credit card debt.

37.     Midland and/or MCM willfully failed to review all relevant information purportedly provided by such consumer reporting agencies to Midland and/or MCM in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

38.     Midland and/or MCM willfully failed to direct such consumer reporting agencies to delete inaccurate information about Mr. Sestito pertaining to the Boone County credit card debt as required by 15 U.S.C. § 1681s-2(b)(C).

39.     Mr. Sestito has a private right of action to assert claims against Midland and/or

MCM arising under 15 U.S.C. § 1681s-2(b).

40. Midland and MCM are each liable to Mr. Sestito for the actual damages he has sustained by reason of their violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

**B. Violation of 15 U.S.C. § 1681o**

41. After being informed by one or more consumer reporting agencies that Mr. Sestito disputed the accuracy of the information it was providing concerning Mr. Sestito and the Boone County credit card debt, Midland and/or MCM negligently failed to conduct a proper investigation of Mr. Sestito's dispute, filed with one or more consumer reporting agencies, that Midland and/or MCM was Midland and/or MCM was furnishing false negative credit information about Mr. Sestito and the Boone County credit card debt.

42. Midland and/or MCM negligently failed to review all relevant information purportedly provided by such consumer reporting agencies to Midland and/or MCM in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

43. Midland and/or MCM negligently failed to direct such consumer reporting agencies to delete inaccurate information about Mr. Sestito pertaining to the Boone County credit card debt as required by 15 U.S.C. § 1681s-2(b)(C).

44. Mr. Sestito has a private right of action to assert claims against Midland and MCM arising under 15 U.S.C. § 1681s-2(b).

45. Midland and MCM are each liable to Mr. Sestito for the actual damages he has sustained by reason of violations of the FCRA, in an amount to be determined by the trier of fact,

as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

### Prayer for Relief

**WHEREFORE**, Plaintiff Luther Sestito requests that the Court grant him the following relief:

1. Award the maximum amount of statutory damages under the FDCPA and the FCRA;

2. Award Plaintiff Attorney's fees, litigation expenses and costs;

3. Award Plaintiff actual damages under the FDCPA and FCRA;

4 Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

5. A trial by jury; and

6. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite #4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com